UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-23432-CIV-COHN/SELTZER

MOOTILAL RAMHIT & SONS
CONTRACTING LTD, a foreign
limited company, HUNZA
CONSTRUCTION CO, LTD, a foreign
limited company, PREMCHAND RAMHIT,
an individual, ROOPCHAND RAMHIT,
an individual, NANDA RAMHIT, an
individual, and SEAN GHOURAL,
an individual,

       Plaintiffs,

vs.


FAROUK MOHAMMED, and individual,
and FIBERNET ENGINEERING GROUP,
INC., a Florida corporation,

       Defendants.
_____/

ORDER ON MOTION FOR SANCTIONS FOR FAILURE TO MAKE DISCLOSURES
OR, ALTERNATIVELY, MOTION TO COMPEL DISCOVERY AND SANCTIONS

      THIS CAUSE is before the Court on Plaintiff's Motion for Sanctions for Failure to

Make Discovery or Alternatively to Compel Disclosures and Sanctions (DE 53).  The matter

was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the

Magistrate Rules of the Local Rules of the United States District Court for the Southern

District of Florida (DE 4).  The Court being sufficiently advised, it is hereby ORDERED that

Plaintiffs' Motion for Sanctions for Failure to Make Disclosures is DENIED, and Plaintiffs'

Alternative Motion to Compel and for Sanctions is GRANTED in part and DENIED in part

as set forth below.

Plaintiffs, Mootilal Ramhit & Sons Contracting Ltd., Hunza Construction Co. Ltd., Premchand Ramhit, Roopchand Ramhit, Nanda Ramhit, and Sean Ghoural, bring this action against Farouk Mohammed and Fibernet Engineering Group, Inc. ("Fibernet"). Plaintiffs allege that Defendant Mohammed (president of the corporate defendant) masterminded an elaborate scheme to defraud Plaintiffs of several million dollars by "falsely representing himself as a representative of AT&T and a United States government official and convincing Plaintiffs to build telecommunication data centers in Trinidad and the Netherlands, with promises that AT&T would then lease the facilities." Complaint at 2 (DE 1). The 78-page, 41-count Complaint asserts multiple claims against each Defendant, including fraud, conspiracy to defraud, breach of fiduciary duty, constructive trust, and breach of fitness for a particular purpose.

On January 14, 2014, each Plaintiff served on each Defendant requests for production of documents and interrogatories. After obtaining an extension of time from Plaintiffs,[1] Defendants served their responses to the requests for production of documents on February 21, 2014, and they served their responses to the interrogatories on February 26, 2014. Plaintiffs' requests for production included three general categories of documents: (1) Defendant Mohammed's passport; (2) communications between Defendants and Plaintiffs; and (3) financial documents related to the allegations of the

---

[1] According to Plaintiffs, they granted the extension contingent on Defendants producing documents with their responses. Defendants, however, produced only Fibernet's tax returns.

complaint.[2]  In response to virtually all of these requests, Defendants stated that they had no responsive documents in their "possession or control."

On February 27, 2014 (the day before the fact discovery deadline), Plaintiffs deposed Defendant Mohammed, both in his individual capacity and as the corporate representative of Defendant Fibernet.  Contrary to his discovery responses, Mohammed testified that he did possess a passport.  With respect to Defendants' communications with Plaintiffs, Mohammed testified that he had not searched for such documents.  Mohammed, however, acknowledged that he had on his computer correspondence with at least Plaintiff Ghouralal; he could not recall if he had exchanged emails with other Plaintiffs.  When questioned about payments Plaintiffs made to him and/or Defendant Fibernet, Mohammed was unable to fully answer the questions, stating that he would have to review Defendants' bank statements.  Mohammed testified that he had requested both his and Fibernet's bank statements from Bank of America a couple of weeks before his deposition.  According to Mohammed, he had requested the statements by telephone and by visiting the bank personally, and despite being informed that it would take from two to ten days to obtain the statements, he had not yet received them.  Additionally, Mohammed testified that he had produced to Plaintiffs his individual income tax returns from 2008 to the present.  Plaintiffs, however, deny that he has done so; only Fibernet's tax returns were produced.

Immediately following the deposition, Plaintiffs' counsel informed Defendants' counsel that his client's testimony contradicted Defendants' discovery responses and that

---

[2]  With respect to requests seeking bank statements and documents sufficient to identify Defendants' bank accounts, Defendants responded: "Awaiting receipt from bank- has been requested."

his testimony that bank statements had been requested but not received was not credible. These same issues were discussed by counsel in a telephone conversation that afternoon. Defendants' counsel requested that Plaintiffs' counsel put his concerns in writing, which Plaintiff's counsel did and emailed to Defendants' counsel that evening.    According to Plaintiffs, the parties' respective counsel discussed these issues in subsequent telephone conversations.  The last such conversation occurred on March 24, 2014, at which time Plaintiffs' counsel informed Defendants' counsel that "he would be forced to advise the Court that [he] had attempted a good faith resolution of the dispute with no response whatsoever."  Motion at 25 (DE 53).

Defendants having failed to supplement their discovery responses (to provide correct information) and having failed to produce any additional documents, on March 26, 2014, Plaintiffs filed the instant motion for sanctions.  As sanctions for "evasive and untrue discovery responses, the failure to produce or supplement, and the evasion of deposition questions based on a lack of documents," id. at 2, Plaintiffs request that the Court strike Defendants' Motion to Dismiss and enter a default.  Alternatively, Plaintiffs request that the Court compel Defendants to produce documents and to supplement their discovery responses with truthful information.  They additionally seek lesser sanctions than striking Defendants' pleading and a default, including drawing negative inferences from Defendants' failure to produce documents, declaring certain specified facts proven, and awarding reasonable attorney's fees.

On April 14, 2014, Defendants responded to Plaintiffs' motion for sanctions and alternative motion to compel (DE 60).  In their response, Defendants indicate that on April 11, 2014, they produced to Plaintiffs the following documents; a copy of Defendant

4

Mohammed's passport; copies of all responsive bank statements from 2008 to the present (1604 pages); and copies of all responsive emails in their "care, custody, and control." Defendants acknowledge their on-going duty to supplement discovery responses, and they further acknowledge that "the supplemental documents provided should have been provided earlier." Id. at 2.  Defendants, however, fail to explain their initial (untruthful) assertions that they did not possess or control Mohammed's passport or any communications with Plaintiffs.  And they fail to explain their untimely production of these documents .  With respect to the bank statements produced, Defendants represent that Mohammed repeatedly requested the bank statements from Bank of America, by telephone and by in-person visits.  Yet, to obtain the documents, Mohammed eventually was forced to threaten to close his accounts.  In support, Defendants submit a February 19, 2014 acknowledgment by the Bank of America of his request for (unspecified) documents (DE 60-1).  That acknowledgment reflects that his request would be processed by February 21, 2014.  Defendants, however, fail to indicate when they actually received the bank statements.[3]

In support of their Motion, Plaintiffs first seek sanctions pursuant to Federal Rule of Civil Procedure 37(a)(4).  Rule 37(a)(4)(B) provides that a party may move for an order to compel discovery responses.  And Rule 37(a)(5) provides that when a court grants such a motion it shall require the party (or its attorney) whose conduct necessitated the motion to pay the movant's reasonable expenses (including attorney's fees), unless the opposing

---

[3]  Much of Defendants' response is devoted to Plaintiffs' (alleged) deficiencies in scheduling and giving their depositions and their failure to respond to the discovery requests propounded by Defendants.  Defendants' discovery obligations, however, are in no way contingent on Plaintiffs' providing discovery.

party's response was "substantially justified" or "other expenses make an award of expenses unjust."  Rule 37(a)(4), however, does not provide for the ultimate sanctions sought by Plaintiffs – striking Defendants' motion to dismiss and entry of a default.[4]

Plaintiffs also seek such sanctions pursuant to the Court's inherent power.[5]  A court possesses the inherent power to sanction attorneys and parties who litigate in bad faith. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-65 (1980); Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1545 (11th Cir. 1993) ("[D]eeply rooted in the common law tradition is the power of any court to manage its affairs which necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it.  Courts' inherent power also extends to parties to litigation.") (internal quotations omitted).  The Eleventh Circuit has instructed that "[t]he key to unlocking a court's inherent power is a finding of bad faith." Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998).  "A party . . . demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order."  Id.

This Court is troubled by Defendants' untruthful assertions that they did not "possess or control" Mohammed's passport or any communications with Plaintiffs, whether

---

[4]  Federal Rule of Civil Procedure 37(b)(2) does authorize the imposition of such sanctions for failing to comply with a court's discovery order.  Defendants here, however, have not violated any court order compelling discovery.  Rule 37(b)(2), therefore, is inapplicable.

[5]  In seeking such sanctions, Plaintiffs also refer to Federal Rule of Civil Procedure 41(b).  See Motion at 26 (DE 53) ("Dismissal under Rule 41(b) is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice.") (quoting Gratton v. Great Am. Communications, 178 F.3d 1373,1374-75 (11th Cir. 1999).  But Rule 41(b) pertains to an involuntary dismissal of a plaintiff's complaint and, therefore, does not apply here.

such assertions resulted from an inadequate investigation (by either Defendants or their attorney) or whether they were made negligently or intentionally.  Nor does the Court condone Defendants' untimely production of documents.  But the Supreme Court has instructed that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion."  Chambers, 501 U.S. at 44; see also Kornhauser v. Comm'r of Social Security, 685 F.3d 1254, 1257 (11th Cir. 2012) ("The District Court's inherent power should be exercised with caution and its invocation requires a finding of bad faith."). Moreover, the severe sanctions of striking Defendants' pleading and entering a default (and concomitant default judgment) are warranted "only as a last resort, when less drastic sanctions" would not be adequate.  Malautea, 987 F.2d at 1542.  Having concluded that lesser sanctions are appropriate (discussed infra), this Court will not exercise its inherent power to impose the severe sanctions sought by Plaintiffs.

Finally, Plaintiffs request that the Court strike Defendants' Motion to Dismiss and enter a default pursuant to Federal Rule of Civil Procedure 37(c)(1).  Under Rule 37(c)(1), a party that fails to supplement its discovery responses in a timely manner (as required by Rule 26(e)) is prohibited from using that information as evidence, unless the failure was substantially justified or was harmless.  In addition, that Rule authorizes other sanctions, including those identified in Rule 37(b)(2)(A), which, in turn, authorizes the sanctions sought by Plaintiffs.  Here, Defendants did supplement their responses to Plaintiffs' requests for production and their document production, albeit seven weeks after the due date (and two weeks after the filing of the instant Motion).  However, for the same reason – the availability of lesser sanctions – it declined to impose severe sanctions sought under its inherent power, it also declines to sanction Defendants under Rule 37(c)(1).

As an alternative to striking Defendants' Motion to Dismiss and entry of a default, Plaintiffs move the Court to compel Defendants to produce the requested documents and to supplement their interrogatory answers.[6]  As noted above, subsequent to the filing of the instant Motion, Defendants did produce the requested documents, which moots Plaintiffs' (alternative) motion to compel their production.  But Defendants have failed to supplement their interrogatory answers.   Accordingly, within seven (7) days of the date of this Order, Defendants shall provide full and complete answers (for each set of interrogatories) to Interrogatory Nos. 5 and 6 and to No. 7 of Ramhit & Sons First Set of Interrogatories directed to Defendant Mohammed.

Plaintiffs additionally request that the Court draw negative inferences from Defendants' failure to produce documents and declare that the following facts are established as true:

     a.    Defendant[] MOHAMMED travelled to Trinidad and Amsterdam as alleged;

     b.    Defendant MOHAMMED communicated in writing with Plaintiffs as alleged;

     c.    Defendant MOHAMMED prepared the documents and delivered the documents as alleged;

     d.    Defendant MOHAMMED received the payments as alleged;

     e.    Defendant MOHAMMED paid those individuals alleged to have conspired with him, at or about the time of their alleged acts, as payment for their assistance in the scheme; and

---

[6]  In response to interrogatories relating to payments made to Defendants by Plaintiffs, Defendants indicated that they would supplement their answers upon receipt of the bank statements from Bank of America.

8

> f.  Neither Defendant MOHAMMED nor FIBERNET reported all the payments from Plaintiff as income, seeking to obscure the source, nature, origin, and receipt of such funds as ill-gotten gains.

Motion at 29 (DE 53).   Plaintiffs fail to identify the authority under which they seek such sanction.[7]  Moreover, declaring that these designated facts be taken as true would be tantamount to a finding of liability against Defendants.  This Court does not find that such a harsh sanction is warranted, particularly as Defendants have now produced the documents requested.

As a lesser (alternative) sanction, Plaintiffs also request that the Court extend the discovery deadlines for Plaintiffs only "to permit further deposition of Defendants" and to "conduct other third party discovery necessitated by a review of the documents."  Motion at 29 (DE 53).  This Court agrees that further examination of Plaintiff is warranted.  Indeed, as an "agreed sanction," Defendants "stipulate to provide Mr. Mohammed for additional deposition solely based on the late provided discovery."  Response at  9 (DE 60).  Accordingly, within fourteen (14) days of the date of this Order (and as early as possible), Defendant Mohammed (in his individual capacity and as Fibernet's corporate representative) shall submit to a deposition of no more than five (5) hours.[8]  Plaintiffs, however, fail to identify (either in their Motion or Reply Memorandum) any other third-party discovery necessitated by Defendants' late production of documents.  The Court, therefore,

---

[7]  Rule 37(b)(2) authorizes a court to direct that "designated facts be taken as established for purposes of the action. . . ." as a sanction for failing to comply with a court order. Fed. R. Civ. P. 37(b)(2)(A)(i).  As previously noted, however, Defendants have not failed to comply with any court order.

[8]  The District Court has authorized the taking of Plaintiff's deposition outside the discovery period.

declines to recommend to the District Judge that discovery in general be reopened.[9]

Plaintiffs also request that the Court "permit the possible disclosure of a testifying forensic expert after review of the documents." Motion at 29 (DE 53). After the filing of the instant Motion, however, the District Judge extended the deadline for expert witness disclosures to April 30, 2014, and the deadline for completion of expert discovery to May 23, 2014. See April 2, 2014 Order (DE 59). Defendants produced the requested documents on April 11, 2014. Plaintiffs, therefore, had sufficient time to disclose an expert and complete whatever expert discovery was necessitated by Defendants' late production of documents. The undersigned, therefore, declines to recommend that the District Judge further extend the expert deadlines.

Finally, Plaintiffs request that they be awarded reasonable attorney's fees incurred in bringing the instant Motion. Rule 37(a)(5) requires that where a court grants a discovery motion or where discovery is provided after the filing of such motion (as here) the court award "movant's reasonable expenses incurred in making the motion, including attorney's fees," unless "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii). Because Defendants have failed to explain the reason for its untimely production of documents, the Court cannot find its tardy disclosure was substantially justified. Nor can the Court find that such an award would be unjust. Accordingly, within twenty (20) days of the date of this Order, Defendants shall pay to Plaintiffs the sum of

---

[9] The District Court's Order referring matters to the undersigned expressly provided that the "order does not refer any motion which requests a continuance or extension of the trial or pretrial scheduling dates." September 25, 2013 Order at 2 (DE 5)

$500 for attorney's fees.

DONE AND ORDERED in Fort Lauderdale, Florida, this 15th day of July 2014.

BARRY S. SELTZER
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record

11